WALLACE, JUDGE:
On September 5, 1980, at about 10:45 p.m., the claimant, Arley Don Dodd, was operating his 1976 Chevrolet van in a westerly direction on Secondary State Route 43 approximately 5 miles north of Frame in Kanawha County, West Virginia. Route 43 in this area is a narrow, two-lane, blacktop road. The claimant testified that, with the exception of a little fog, the weather conditions for that time of the year were normal. Mr. Dodd, accompanied by his wife, was travelling at a speed of 25 miles per hour en route to his home in Elkview. As an approaching vehicle was about to pass, Mr. Dodd moved to the right, very close to the edge of the blacktop. Suddenly, he struck a large rock located on the berm about one or two inches from the blacktop. The claimant testified that he had seen this particular rock, which was five to six feet in length and one to one and one-half feet in height, on prior occasions, but its presence was obscured on the night of the accident by high weeds.
As a result of the accident, three tires and three rims on the van were destroyed, the vehicle was knocked out of alignment, and the transmission was damaged. Bills and estimates were introduced into evidence reflecting cost of repairs totalling $351.74. After the accident, the claimant was taken by ambulance to the Charleston Area Medical Center where he was examined, treated, and released. No claim was asserted for personal injuries, but the claimant did incur an ambulance charge of $55.62 and a hospital *398 bill of $126.50. Thus, Mr. Dodd’s out-of-pocket expenses amounted to $533.86.
The claimant contends that the respondent, in its regular maintenance of the road, had deposited the rock near the edge of the road and permitted it to remain there in spite of many complaints by residents of the area. Respondent, on the other hand, denies placing the rock in that position and asserts that the claimant was guilty of contributory negligence. No admissible evidence was introduced at the hearing to establish that the respondent had placed the rock in its position near the edge of the road or had received complaints about it. Kay Wehrle, testifying on behalf of the claimant, stated that she resided in the area of the accident and that the rock had been in its position near the edge of the road for about one year. The claimant’s wife, Evelyn Dodd, confirmed her husband’s testimony as to the location of the rock. Calvert Mitchell, testifying on behalf of the respondent, said that he was employed by the respondent as general foreman in the area between Elkview and the Clay County line, an area which would embrace the accident scene. Mr. Mitchell testified that, although he was thoroughly familiar with the area in question, he had never seen the subject rock in the particular location testified to by the claimant and his witnesses.
The Court is of the opinion that the claimant has established by a preponderance of the evidence that, while the respondent did not have actual notice of the existence and location of the rock, it certainly, over a period of one year, had constructive notice. The failure of the respondent to remove this rock constituted negligence. By the same token, the claimant, having prior knowledge of the location of the rock and failing to avoid striking it, is likewise guilty of some negligence. Under the Bradley doctrine, we would assess 80% negligence to the respondent and 20% to the claimant. Acocordingly, an award is made to the claimant in the amount of $427.09.
Award of $427.09.